[Civ. No. 1549.   Second Appellate District.—March 11, 1915.]

PEARL M. FAWCETT, Appellant, v. WALLACE GREGG, as Executor of the Last Will and Testament of Frances Fawcett, Deceased, Respondent.

TRUST—OWNERSHIP OF REAL PROPERTY—AGREEMENT BETWEEN FATHER AND SON — CONFLICTING EVIDENCE — FINDINGS CONCLUSIVE ON APPEAL.—In this action brought by a son against his mother to have himself declared the owner of certain real estate, the legal title of which was in the name of the mother, it is held that the finding of the trial court upon conflicting evidence against the claim of the plaintiff that there was an agreement between himself and his father, to which his mother was a party, to the effect that the property in question should belong to plaintiff upon the death of the mother, is conclusive upon the appellate court, as is the finding against the claim of plaintiff of a partnership between himself and his father in

a business enterprise conducted by them prior to the purchase of the land in question, which business was exchanged for a farm upon which money was borrowed to partly pay for the property in controversy.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. J. P. Wood, Judge.

The facts are stated in the opinion of the court.

Anderson & Anderson, for Appellant.

G. P. Adams, and Newman Jones, for Respondent.

SHAW, J.—Action by plaintiff brought against Frances Fawcett, his mother, to have himself declared the owner of certain real estate, the legal title to which was in the name of the mother.

During the trial Frances Fawcett died and the action was continued in the name of the executor.

In addition to an answer denying the material allegations of the complaint, defendant filed a cross-complaint the purpose of which was to secure from plaintiff an accounting for the proceeds derived by him from the use of said real estate while in possession thereof.

On the issues joined the court found in favor of defendant, and upon an accounting had gave judgment against plaintiff.

The appeal is from the judgment and an order denying plaintiff's motion for a new trial.

In substance, the complaint alleges that in 1895, in the state of Iowa, plaintiff and his father, Mahlon Fawcett, were copartners engaged in the hardware business under the firm name and style of Fawcett & Son; that during said year they exchanged said hardware business for a farm, known as the Doxsee Farm, title to which was taken in the name of the father; that in 1905 the latter came to California, where he made a contract for the purchase of the real estate herein involved, known as the Whittier ranch or lemon grove; that in making the purchase thereof he agreed to pay five thousand dollars in cash and gave his note for six thousand dollars, secured by a mortgage upon the real estate. Pursuant to the contract, he made a payment of three hundred dollars and

returned to Iowa and borrowed the sum of five thousand dollars upon the Doxsee Farm with which to make the first payment upon the purchase price of said lemon grove. He proposed to plaintiff, who was then living in Iowa, that plaintiff with his family remove to California and take care of the lemon grove, promising plaintiff that if he would do so and take the entire management and control thereof and out of the proceeds and profits of the same, pay off the deferred payment thereon and pay the mortgage on the Doxsee Farm, that he, Mahlon Fawcett, was willing to give said lemon grove to plaintiff as his share of the property which they through their joint efforts had acquired, and agreed to convey the same to plaintiff when fully paid for; to all of which plaintiff agreed. Upon the making of the first payment due upon the lemon grove, the owner thereof executed a deed to Mahlon Fawcett, who executed his notes and mortgage thereon to secure the deferred payments of six thousand dollars; that plaintiff took possession of said lemon grove and with his family resided thereon, having entire charge and management of the same, and from the proceeds thereof paid off the balance of the purchase price and also the mortgage upon said Doxsee Farm; that about one year prior to the death of Mahlon Fawcett, plaintiff suggested to his father that, in order to avoid probate proceedings and keep the property standing in the name of Mahlon Fawcett, the latter make deeds to the same to plaintiff's mother, and thereupon Mahlon Fawcett made deeds to all of the property standing in his name to Frances Fawcett and placed them in a box used in common by Mahlon Fawcett and plaintiff, requesting that upon his death plaintiff have the deeds recorded; that in the month of December, 1908, Mahlon Fawcett, who was about to undergo a surgical operation, stated to plaintiff in the presence of defendant that he wished to arrange with plaintiff about their property interest and make provision for plaintiff's mother during her life, and proposed to plaintiff that his mother should during her life hold title to the lemon grove and keep possession and control of the same, and upon her death he should come into full ownership thereof, pursuant to the agreement theretofore made between plaintiff and his father, and plaintiff should, out of the proceeds of the properties and income thereof, pay off encumbrances upon the property, and the income from the lemon grove should be his and the

income from the Doxsee Farm should belong to his two sisters; that the defendant should make a deed of the lemon grove to plaintiff and place it in escrow to be delivered to plaintiff upon her death; that defendant at all times had full knowledge of the said understanding, arrangement, and agreement between plaintiff and Mahlon Fawcett that plaintiff should have the said Whittier Ranch as his (plaintiff's) share of the property which plaintiff and said Mahlon Fawcett had acquired through their joint efforts; that upon Mahlon Fawsett's death the deeds so executed by him conveying the property to defendant were filed for record, and plaintiff thereafter requested defendant to execute a deed conveying the lemon grove to him in accordance with the agreement so made with his father, to which his mother was a party, which request was by defendant refused.

The alleged errors of which appellant complains are: 1. That the evidence is insufficient to support the finding made by the court to the effect that Mahlon Fawcett was the owner of a hardware business conducted in the name of Fawcett & Son, and that plaintiff had no interest therein; 2. It is claimed the evidence establishes an understanding between plaintiff and his father that the lemon grove should be the plaintiff's; and 3. That the court erred in giving judgment against plaintiff upon the accounting had.

No good purpose could be subserved in making particular reference to the voluminous evidence, most of which was of a circumstantial nature. The partnership claimed to have been entered into between plaintiff and his father in 1890, at which time the latter, in exchange for a farm owned by him, purchased a hardware business, rests in an alleged parol agreement, proof of which depends upon inferences drawn largely, if not wholly, from the circumstantial evidence introduced. While it may be conceded that such evidence was sufficient to establish a *prima facie* case as to the existence of such alleged partnership, other evidence and circumstances are fully as cogent in proving its nonexistence. That it is, as claimed by appellant's counsel, incredible that a man with a family of eight or nine children should devote his time during a period of twenty years to the care and management of another's property, is answered by the fact shown that during all of said period plaintiff and family had received their support from the proceeds of this ranch and other lands owned by the

father, which, in addition to, presumably, sharing in the property as an heir, might well compensate him for his labor. At all events, the burden rested upon him to establish the fact that a partnership existed. That the evidence presents a substantial conflict is practically conceded by counsel, who suggest that in weighing the testimony the judgment of the trial court was influenced against plaintiff by the fact of defendant's death occurring during the course of the trial. Be it so, since such conflict exists no question of law is presented for review by this court.

The second contention,—namely, that there was an understanding between plaintiff, his father, and defendant that he should have the property, possesses even less merit. Plaintiff testified to facts which if true, and aside from any question of law involved, might be deemed sufficient to establish such understanding. But in this he is flatly contradicted by the testimony of his mother, who states the deed conveying the property was delivered to her unconditionally, and in the absence of any suggestion or understanding that plaintiff should have the same. Moreover, there was evidence which tended to prove that the alleged understanding had with the father was subsequent to the delivery of the deed, at which time title to the property immediately vested in Mrs. Fawcett; hence, it follows that Mahlon Fawcett had no interest in the ranch which he could make the subject of trust or such understanding, and the mother's assent thereto, if made, being oral and after acquiring the title, is nonenforceable.

Objection to the judgment given upon the accounting had seems to be based solely upon the alleged errors hereinbefore discussed. Since the rulings of the court in making the findings attacked are sustained, it follows that the court did not err in rendering judgment upon the accounting.

Judgment and order affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 10, 1915.